Good morning, Your Honors. Hang on just a minute. Let's get everybody down.  Good morning, Your Honors. May it please the Court, my name is Catalina Gracia, and I represent the petitioner Lilit Hovhannisyan. Your Honors, there are several issues that arise out of this case. From what I heard this morning, I think the Court is focused on whether 245C2 of the Act is impermissibly narrow, where Congress did not define what circumstances fall within that exception, and whether Congress intended for the no-fault exception to be broad. I do think that the no-fault exception is clear. However, I think that it is meant to be broad, and what happens with 8 CFR is that it impermissibly narrows that exception, particularly in this case where our argument is that the petitioner suffered ineffective assistance of her prior counsel by the fact that she did in fact file a Lizotta motion as to her prior counsel for failing to advise her to file her I-140 petition. Can I ask this as a factual matter? Isn't it really the non-lawyer person who preceded the lawyer who really matters here? It is, Your Honor. Because once she hires, is it Attorney Gordon? I can't remember the names. Gordon, Your Honor, yes. She's already passed the I-140. That's correct, Your Honor. And so this all began while petitioner was still in status in 2000 when she retained the services of an individual by the name of Mr. Babajanian. Well, you said she was still in status. We actually don't know precisely when she hired that person, do we? It doesn't say in the record, Your Honor, but she holds that she did hire him while she was still in status, and that's supported by a declaration that she filed as part of her motion to reopen. I read that. I don't remember her saying she, you're saying that declaration says she hired the non-lawyer while she was still in status? From the way that she presented the argument in her motion to reopen, she indicates that she had informed him short, I believe she indicated that she made contact with him shortly after her arrival to the United States. He was an individual that was commonly used in the Armenian community for immigration services, so she believed him to be a trusted person, and he, despite her indicating that she had extraordinary abilities and her talents as a musician, I believe, and also an advanced degree, he didn't advise her to file the I-140 petition, and I know that that raises issues of ineffective assistance of counsel because this individual ultimately was not an attorney, but she believed him to be an attorney, and in her brief she refers to him as a counselor on several occasions, but even if we don't reach the agreement that she believed him to be an attorney, there's regulations that specify what kind of a person can represent an individual in immigration court, and one of the, the list specifically says any reputable individual of good moral character. Yeah, but you can't pay the person, that's the problem under that regulation, and she says she paid him $2,000. Yes. So I don't think the regulation actually helps you with respect to that non-lawyer person. I agree, Your Honor. However, if we go back to her motion to reopen, she did refer to him several times as a counselor, and in our brief we do state that the word counselor in Armenian does translate to attorney, so this is what she believed this individual to be, and the issue with that is that at the trial, at the immigration court, the judge failed to allow the petitioner to be heard on her 212 waiver, and so we never even reached whether or not she was eligible for the 212 waiver with her argument that she'd received ineffective assistance by a person she believed to be an attorney. The immigration judge at that level didn't give her the opportunity to make her argument despite the declaration that had been filed in support of that, so there was never even the opportunity to present this argument, and this is where, you know, that was what led to the determination that she wasn't eligible to adjust. Do you know, in other contexts, I'm thinking maybe in particular equitable tolling, we often get arguments by petitioners that, well, I relied on my lawyer, and my lawyer rendered ineffective assistance, and so therefore the missed deadline should be told as a result. Do you know if in that context or any others we allow petitioners to rely upon the actions of these non-lawyer, I mean, they're sort of standing in the shoes of an attorney, but they're not licensed to practice law. Do you know whether we allow that? Well, Your Honor, there is a case, Albio de Leon. It's a case from 2005 from the Ninth Circuit. The individual in that case was not an attorney. The individual was named Mendez, I believe. He was not an attorney, and however, in that court, part of the decision did say that it's established in this circuit that ineffective assistance of counsel where a non-attorney engaged in fraudulent activity causes an essential action in his or her client's case to be undertaken ineffectively may equitably toll the statute of limitations. So that case is on point with our position because Mendez in that case was not an attorney either. But he said fraudulently, and that doesn't seem like that's what happened here necessarily. It depends on how you look at it. He misled the petitioner. He misled Ms. Hovhannessy and Mr. Babajani and misled her. That can be viewed. How so? He told her that he would take care of her case and that he was competent to handle all types of immigration matters. He said he would handle every part of it and not to worry. This, in fact, was not true. Had he been competent and had he properly represented her, he would have filed an I-140 for her because she had expressly told him about her extraordinary abilities. And in fact, an asylum application shouldn't have been the first form of relief. So that's the argument that she hires him, she tells him the story, and he tries to get her asylum. And the theory of the ineffectiveness was that he should have filed an application to I-29 or whatever they're called based on her musical talent because she also mentioned that to him. Yes, Your Honor. And so I think in that respect, he did It is a form of fraud when you file an application that's inappropriate in a case where you know there's adequate relief and appropriate relief. Of course, we don't know. This would be an issue of fact normally. But from my reading of the papers, if I remember correctly, this counselor is no longer in the United States. He's back in Armenia. And for all intents and purposes, there can't be the kind of fact-finding that would normally take place in order to resolve at least that issue. Yes, Your Honor. That's correct. But if we look moving forward to the timeline, she ultimately did file an I-140 for her extraordinary abilities. And it was granted in 2005 by USCIS. So that tells us that that would have been the appropriate action in 2000 but for the failings of this individual who fraudulently represented himself to be an immigration professional or competent in immigration matters because any attorney that's competent in practicing immigration law would have identified this as the appropriate and proper relief right away once the individual shared her history with the attorney. That would have been the proper avenue to take in that case. And so our position is that that was fraud. Misrepresenting the client was fraud. And case law supports that fraudulent activity even by a non-attorney could result in equitable tolling. And in this case, that would be the appropriate relief or in the alternative, a different analysis of the no-fault statute to encompass ineffective assistance of counsel. And this even meets the requirement of a Lazada motion, not towards Mr. Babajian because he wasn't an attorney, but towards the attorney that represented her at the next step. He again failed to file the I-140. So this individual was a victim of ineffective assistance by both an attorney and a non-attorney. Do you argue that there's an exception in the regulation for this particular situation? Your Honor, do you mean specifically for a non-attorney? Yes. I argue that the no-fault exception was meant to be broad. Congress meant for that exception to be broad. But if, in fact, I were to suggest that one has no fault if they rely on their attorney, that would be where we would go if we were in a Peters case, for instance, which was just here. And we have, under the regulations and the interpretation of the statutes, a lot of, if you will, rulings where we have included the attorney. I can see the Peters argument pretty clearly where they're going. Would I need to send back this case to the BIA to determine, even if I were to suggest no fault could be had on an attorney, to determine if one were relying on a non-attorney for doing an attorney's work, that they would get the same kind of help? Well, Your Honor, I think that would depend on first determining if the petitioner or respondent knew that the person representing them was a non-attorney. And I think it goes back to the fact that... But, I mean, wouldn't that be something given the statutes and given the interpretations thereof in other instances, which motions to reopen and other instances, wouldn't that be something that I would then allow the BIA to take the first crack at to make that determination rather than me make it here? Possibly, Your Honor. I see issues with that. Well, I don't... I'm trying to now determine what I can really do with this interpretation and what I can't, and I'm trying to get your input into it. Because I realize the BIA should have a first shot. If I'm going to the fact that this is a regulation, or that this is an interpretation of a statute, and I'm saying that they have too narrowly construed the statute, the statute's ambiguous, it's a narrow construction, it ought to be wide enough to use for an attorney who they don't have any idea, then I'm saying to myself, how far can I go? Do I need to send that back and let them suggest that a person who is acting as an attorney, who really isn't an attorney, should get the same kind of... that should be no fault? I mean, it's easier to say it's of your fault if you don't get an attorney. I mean, that's the problem. I understand, Your Honor, and I think my input put to the court would be that at this level, the court would make the determination that ineffective assistance of counsel does fall within the exception, and then when we're referring to whether or not the petitioner or respondent knew that the person was or wasn't an attorney, that should go back to the BIA, because I think then that is directly connected with the proceedings in immigration court. It would still present an issue in our case, because the judge never made a determination whether or not she knew that the person was an attorney, but nonetheless, I think that portion of it would be better decided at the BIA for them to remand it to the immigration court, but at this level, I think Your Honors are suited or in the best position to decide whether or not ineffective assistance of counsel falls within that exception. Your Honor, if there's no further questions, I'd like to hear it. I have one more question. Yes, Your Honor. On page 15 of your brief, you make argument about an exception dealing with an action of an individual organization designated by regulation to act on behalf of the individual. Yes. To what are you referring with that argument? Because it didn't seem that well-developed, and maybe it's just because it isn't well-developed, I forget it, but I just didn't know what you were trying to argue there. Your Honor, I think what we were trying to argue was that Mr. Babajanian fell within the specification of that statute. He was a reputable individual of good moral character, or believed to be by the petitioner. However, Judge Waterford indicated that this person, because he was paid money, does not qualify as a person of good reputable character, and so I think that that argument is actually moot because of the fact that Mr. Babajanian was compensated. Okay. I'm just trying to make sure I understood your argument. Thank you, Your Honor. We'll hear from you in rebuttal, but let's hear from the Attorney General's counsel now. Good morning. May it please the Court. Ted Durant on behalf of the United States. First and foremost, before I start my argument, I want to thank the Court for moving me up. That was my fault. I should have done it earlier, and I appreciate the consideration. We understand you were doing double duty out here, so we appreciate that. Thank you. That's the double duty, yes, sir. But to begin with, I'd just like to clarify a few things before I launch into my argument. Petitioners never made the argument, at least that's my interpretation, that the regulation is bad, that the agency acted outside the statute or did something improper. What Petitioner's argument seems to be is that the Board interpreted the regulation unreasonably, and that's the crux of her argument. I don't want to belabor that point in talking about whether or not the regulation is overbroad, but I would like to say that I first agree that the statute was unclear. I also want to believe that the term, through no fault of your own, is anything but clear. I have that argument all the time with my kids, with fellow Marines. It's not clear. You just said the reason you wanted to move this up was your fault. I know. What I'm trying to do, Your Honor, is I don't think it's certainly not clear. If it's not clear, then why doesn't the government make the same determination as relies on no fault of an alien in 1229A? I mean, no fault of an alien in 1229A has never needed an interpretation, and now we have no fault of your own, and I still don't understand why this is different than no fault of an alien in 1229A. You go one way or you go the other. They're either both ambiguous or they're not, and you've given 1229A says it is not ambiguous, and you don't need an interpretation. So why do you need one here? It seems to me as clear under 1229A as it is here. Your Honor, no fault of your own could mean lots of things. Why is that any different than no fault of the alien? No fault of your own. The only difference between the two is your own or the alien. The no fault doesn't change. And there's no ambiguity in 1229A. The government's argued that. They don't have a regulation. So why is it that I need to find that this statute is ambiguous when we have similar stuff and you don't say it is? Your Honor, the term no fault of your own, when the agency promulgated the regulation, this has been on the books for 30 years, and not once. It doesn't matter how long it's been on the books. Address the issue of why one is ambiguous and one isn't. No fault of your own could mean lots of things. Why is it any different than no fault of the alien? No fault of the alien could mean lots of things. Is that what you're saying? Can't mean a lot of things, but your own can? That's the one part of this that bothers me the most. If we get past that, then we've got to suggest that your interpretation is all reasonable. And then your own can only interpret what you want it to interpret, which is the four steps you've put together, and why it can't include your counsel, who did stuff you didn't know about. I don't understand why that is so obvious. Well, the government would argue that I understand your point. I'm just trying to get you to give me the reason why it is. And that's why I asked your co-counsel, in the other case, the same questions. Because if we get down to that point, I'm trying to figure out why it is we get to where we are and why it is then we shouldn't say either we can interpret this, and ineffective assistance of counsel ought to be there, or we should say what you've interpreted to me is not reasonable, even though Congress hasn't done anything about it. It can't be reasonable that your counsel would do something that is wrong without knowledge of you, and that be your fault. That's my question. I understand, Your Honor. And then I can't understand why she just automatically rejected the idea you ought to go back and talk to somebody about this and see if you can't work it out. Well, this case is factually different than the other case. In this case, no matter how the court interprets the regulation, petitioner was out of status, with respect to her attorney, was out of status for more than a year before she sought his assistance. With respect to the notario, the record is in her declaration. She doesn't provide a date at all, so there's no date as of when she hired him at the same time. But to be fair, what you did in this particular case is you came down to the fact that no fault of your own can't even be the attorney, so there's no question it can't be this notario. No, it can't be the notario because So then I say to myself, if I suggest it can be your attorney, should I remand this to have you think about that again and see if in this instance that particular person can't meet this exception? No, because the notarios, they're notorious and it wouldn't be, we've never they're not subject to IAC claims, it's a different entity. And the regulation itself, even if you look at the regulation, someone like Mr. Babajan, the notario he's not authorized by statute to represent anybody. In fact, the regulation that Petitioner cites hurts them because if you go down and you see that it's not supposed to be notarios. So even if this case were remanded, she'd lose with respect to Mr. Gordon and it's not necessary to remand regarding the notario. Well, I guess I understood Judge Smith's question to be slightly different. I think he was saying, let's say we're prepared contrary to the agency to determine that the regulation is invalid to the extent that it's trying to say that the conduct of lawyers doesn't count. Right? Because that is the position, I think, that the agency took below. Is that lawyers, even lawyers. That is the position. Right. So let's say we said, you know what, that's not correct. I think what he was asking is, should we then ourselves decide whether notarios should count as well or should we give the agency a chance to make that call in the first instance? It wasn't made below. If the court wanted to, remand would be appropriate in that situation. I'm glad Judge Swofford put my question enough so you could understand what I was saying because that's exactly what I was saying. Okay. Well, so you say it would be appropriate. Would it be inappropriate for us? But it's not necessary in this particular case. There's no factual there's nothing in the record that shows that her notario was representing her in the critical time period. She never states it. She says soon thereafter in reference to the date that she entered. And so I agree with you. There would be a factual issue. Maybe we could remand that. But what if we were to decide ourselves that the phrase, through no fault of your own, is not ambiguous, at least not in the sense that's relevant here, that if a notario that you're relying upon. That's a legal issue. Okay. I'm sorry, Your Honor. I'm sorry to interrupt. Go ahead. What were you going to say? No, no, no. I'm sorry. I apologize. I forgot what I was going to say now. So you should continue. That's okay. If the court's going to make a legal determination, obviously it can make a legal determination. But I don't believe it's necessary to remand. The legal determination we're talking about is whether reasonable reliance is dependent on whether they relied on an attorney or they relied in good faith on someone who held themselves out to be an expert in this area. And her argument is that she relied on the attorney and therefore it wasn't her fault. And wouldn't that be, depending on how we decided the previous case, something that we would remand? Not with respect to the notario. With respect to the notario. Because the case law is clear that aliens should not rely on it. They're not someone who... That's all true, but we're dealing with a specific context here and a statute that says through no fault is it her fault someone who is an alien who's from not from the United Kingdom, but from Armenia who may or may not have sufficient familiarity with the language to rely on someone who held himself out to be some sort of an expert in handling immigration cases. If the court were to scratch the agency interpretation altogether and throw that out, then that would be a factual determination. Well, can I ask you this? Let's say that she did hire this notario while she was still in status. And let's say that we were to determine that notario's... Are you having trouble hearing me? I can talk further into the microphone if you're having trouble. Let's say that we were to determine as a legal matter that the conduct of notarios can sort of relieve you of fault in this context. Would she then be able to prevail? I'm just trying to track through. Is there still some problem that she would run into? Within 180 days. And if the court said that notario would count, then potentially. But that's, again, that's not the record. But, again, there's case law upon case law where the court cautions aliens not to rely on notarios and how they preempt them. What about the case that your opponent mentioned in the equitable... I think it was in the equitable tolling context. I thought we did have cases that said in that context petitioners could rely in some circumstances on the conduct of non-lawyers if it caused them to miss the deadline. Is she incorrect about that? There are some cases. I'm not familiar with the case she's talking about. Okay. But just as a general principle, is that correct that in the equitable tolling context, at least, you don't have to be a licensed attorney for the person to have relied upon you? I don't want to... It's okay to just say I don't know. I'm not sure. I don't know. That's fine. Yeah. And I see my time is short. But I'd like to... If the court does have any more questions, I'd just like to conclude what my argument is. And I know Judge Smith disagreed with the government on this. I'm not sure I disagreed. I'm just telling you my thought process so you could respond and say why I was out to lunch. That's all I was trying to do. The government does believe, through no fault of your own, that opens up an entire can of worms for a lot of things. That's the government's position. The agency promulgated this regulation that's been on the books for 30 years. No one... And the INA has been amended several times. No one's sought to amend that or change that regulation. That's such a weak argument, particularly since Congress usually acts if it's going to act when somebody's complaining about, particularly the government whose views the Congress sometimes takes note of. But as I said to your colleague, there are, by my count, approximately a half a dozen cases in the district courts in this circuit that have said that the agency too narrowly construed the term fault, and the government never appealed and essentially, at least as far as I could see, acquiesced. So it's at best what Congress is sort of acquiescing in. Are they acquiescing in the languages interpreted by a half a dozen district courts, or are they acquiescing in something else? Those district court cases, I believe, and I read those, I believe what the argument is is that the board is interpreting the regulation too narrowly. It's not faulting, from my reading, the regulation itself. The regulation itself. And my argument is, first, the regulation's good to go, and secondly, the board's interpretation was reasonable, given the plain language of the regulation. There's no possible way, if you look at that regulation, if the court finds that the regulation is good, once we get to the regulation, then you're suggesting the case is over. There's no possible way she can win. Because of the regulation, the four regulations there, there's none, not any one of them that would help them. No, especially the one that they referenced, the one that they're relying on. Well, the only one they referenced is the first, right? Correct. And if the court gets to that part where they find that the regulation is good, and then no matter what deference they give the board, there's no way that Petitioner can win. Because if you look at the three different subsets of that particular regulation, where it's an action by someone. What deference would I give to make that argument? Deference to the board or deference to the DHS? To the board or to the DHS. Either one. I mean, my worry is that the government automatically skips Chevron and goes to Skidmore. And so I'm trying to say, are you suggesting then that I would have to give the government Skidmore deference as to this regulation? You could give it Chevron deference or Skidmore deference and the government would still win. Because it's reasonable and it's certainly not outside the statute. There's no mention of attorneys. And even if there were, even if you get to the first thing, the first element of that were inaction of someone designated by regulation, there's a question of whether or not and it's, again, that's up in the air, who, if Petitioner can control those actions. And finally, if the inaction is acknowledged by that individual, which we don't have. So no matter how you look at that regulation, she loses. And factually, with respect to both the notario and the attorney, she loses. Because there's nothing in the record, nothing, that shows that between when her status ended and 180 days out that she had those people, that she'd retain them or talk to them. And one last point, it doesn't matter whether or not the notario would file a visa on her behalf. That does nothing for her status. If she wanted to continue her status legally, she'd have to go to the agency and ask for that her visa be extended by another six months. So the filing of a visa doesn't help her at all. Right. But presumably a competent representative in those circumstances would do both, right? Presumably. But she's never made that argument. She's never said that. She's never, it's not in the record. Why didn't you, why didn't you, you knew your status ended in February of 2000. You were here for six months. You came over here, you're an accomplished musician. Why didn't you, I mean, she's obviously I don't even know why she didn't file, because she didn't get competent representation. A competent lawyer representing her, realizing that she's about to fall out of status, would have done just what you said. Filed both requests to her I-140 was being processed, right? And I agree, Your Honor, but that's an assumption. But she's never said that at all in here. She said he didn't file a visa on my behalf. He didn't file a visa. So what? She's never answered why she let herself fall out of status. And that's a factual issue that's important. Okay. Thank you. So I think I'm over time. And I do apologize. And thank you for the Court's time. Of course. Thank you for your argument. We have a little bit of time left for questions. Your Honors, we hold that that the through no fault limitation is broad. It's a term that it should be open to interpretation based on the way that Congress wrote it. And there's been at least one Court within the Ninth Circuit that recognized ineffective assistance of counsel as a valid basis for finding no fault. Specifically, I'm referencing Alamorti v. USCIS, a 2009 California District Court case where the Court found that reliance on to be sufficient to establish amenability to the no fault exception. The Petitioner concurs with the argument presented by the District Court and contends that the exceptions are unreasonable and perhaps impermissibly narrow. Petitioner argues that ineffective assistance of counsel should be grounds for concluding that the Petitioner was not at fault for falling out of lawful status. Thank you, Your Honors. Thank you very much. The case just argued is submitted.
judges: N.R. Smith, Watford, Korman